IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **Phillip Ward,** | : | |
| Plaintiff, | : | |
| vs. | : | Case No. 5:10-cv-506(CAR) |
| **James Salter, et al.,** | : | |
| Defendants. | : | |
| | : | |

RULES 16 AND 26 ORDER
(Revised February, 2011)

**TO: COUNSEL (OR PARTIES IF UNREPRESENTED BY COUNSEL):**

(<u>NOTE</u>: YOU MUST CAREFULLY READ THIS ORDER AND THE ATTACHED SCHEDULING ORDER FORM.  THIS ORDER AND THE ATTACHED SCHEDULING ORDER FORM ARE AMENDED FROM TIME TO TIME, SO READ IT EVERY TIME YOU GET A NEW ORDER. THIS DOCUMENT INCLUDES THE LATEST REVISIONS.)

<u>Corporate Disclosure Statement.</u>  If a party to this action is a non-governmental corporate party who has failed to timely file its disclosure statement in accordance with Fed. R. Civ. P. 7.1, that party <u>MUST</u> file the statement within **14 days** of the date of this Order.  The party must also file a supplemental statement upon any change in the information that the statement requires.

Read Rules 16 and 26 of the Federal Rules of Civil Procedure and this Court's Local Rules.  A copy of the Local Rules may be obtained from our clerk's office.  The Local Rules are also available on the Court's web site (http://www.gamd.uscourts.gov).  **Counsel must satisfy all the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Rules during the course of this litigation.**

Rules 16(b) and 26(f) require the parties to confer, develop a proposed discovery plan, and submit a report to the presiding judge.  A scheduling order must then be entered.  You must confer within 30 days of the date of this Order to discuss the contents and form of the Proposed Scheduling/Discovery Order.

A joint report in the form of a single proposed scheduling order is required in this case and must be filed with the Court no later than **April 25, 2011**.  If the parties cannot agree, the proposed order must state their differences and specify their respective positions.  Notify the Court immediately if a party does not cooperate in preparing the proposed order.  **Failure to comply with discovery or with ANY order of the Court may result in dismissal of the case, default judgment, or other sanctions.**

A proposed scheduling order must include time limits for Rule 16(b)(3)(A); the name and address of every witness to be deposed, including the proposed time, date, and place for each deposition; the estimated cost of all discovery, including attorney's fees; the name, address, e-mail address, telephone and facsimile numbers of lead counsel for each party; and the date the complaint was filed and the date the complaint was answered.  The proposed scheduling order may also include such other matters as the parties deem appropriate in the circumstances of the case.  **The proposed order must include a date line and a signature line for the Court below the attorney's signature.**

The Court expects that absent good cause shown, all discovery will be completed within six months after the filing of responsive pleadings or a motion staying filing of responsive pleadings**.  Please note:** The attorneys for the parties will receive a memorandum order from the Court 120 days after the answer or responsive pleading is filed.  This order requires the attorneys representing the parties to confer about the status of discovery and then submit a report to the Court describing the status and any problems.  This report must be filed with the Court within 10 days of the date of electronic service of the order.  The attorneys must cooperate in the preparation of the report, which may be filed jointly or severally.

If any attorney believes that it would be appropriate to have a telephone conference with the Court to discuss discovery issues, please state that in the report or **contact Lee Anne Purvis, Courtroom Deputy (478-752-0739), to schedule a telephone conference to discuss such matters.**  Failure to comply with the order could result in the dismissal of the offending party's pleadings.

**While written motions to compel discovery may be properly filed, the Court requests that the parties initially refrain from filing such motions, and instead contact Ms. Purvis to schedule a telephone conference to discuss any discovery issues.**

The parties have a continuing duty to supplement all disclosures and responses in accordance with Local Rule 26(e) and the Federal Rules of Civil Procedure.

Any party who may call an expert witness at trial must designate the expert early enough in the discovery period to give the opposing party the opportunity to depose the expert.  A plaintiff designating an expert must disclose the identity of the expert and provide an expert's report within 90 days after the filing of the last answer of the defendants named in the original complaint.  A defendant designating an expert must disclose the identity of the expert and provide an expert's report within 120 days after the filing of the last answer of the defendants

named in the original complaint. If a defendant designates an expert where plaintiff has not previously designated an expert, plaintiff will have an additional 30 days to designate a rebuttal expert witness.

All expert witness disclosures must be accompanied by a written report prepared and signed by the expert that satisfies the requirements of Rule 26(a)(2)(B). The provisions of this order concerning the identification of expert witnesses may not be changed by the Joint Scheduling/Discovery Order submitted by the parties.

All dispositive motions must be filed within 45 days of the close of discovery and must not exceed 20 pages unless otherwise ordered by the Court. Pursuant to Local Rule 7, respondent will have 21 days and no more than 20 pages to respond to the dispositive motion, and movant will have 14 days thereafter and no more than 10 pages to file a reply.

**Do not send courtesy copies of letters, motions, or briefs to the Court.**

Local Rule 34 limits production requests to 10 per party, and Local Rule 36 limits requests for admission to 15 per party.

A copy of the proposed scheduling order must be served upon each party.

The proposed scheduling order will be carefully considered and, subject to such changes as may be deemed appropriate, either adopted by the Court or discussed with counsel in person or by conference call.

**When the case is settled, the parties must notify Lee Anne Purvis, Courtroom Deputy (478-752-0739), immediately of the settlement.**

**SO ORDERED,** this the 10th day of March, 2011.

S/ C. Ashley Royal
**C. ASHLEY ROYAL, Judge**
**United States District Court**